# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. JIMMY L. GLADDEN, JR.

### Direct Appeal from the Circuit Court for Dyer County
### No. C07-228   Lee Moore, Judge

---

### No. W2010-00707-CCA-R3-CD   -   Filed November 8, 2010

---

The defendant Jimmy L. Gladden Jr., appeals from the revocation of his community corrections sentence, claiming that the trial court erred by ordering that he serve his sentence in confinement. The state has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. We conclude that the state's motion is meritorious. Accordingly, we grant the state's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

James E. Lanier, District Public Defender and Timothy Boxx, Assistant Public Defender, Dyersburg, Tennessee, for appellant, Jimmy L. Gladden, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; C. Phillip Bivens, District Attorney General, and John Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On October 2, 2007, the defendant pled guilty to theft of property over $1,000, a Class D felony. Pursuant to the plea agreement, the trial judge sentenced the defendant to six years as a Range II multiple offender. The court ordered the defendant to serve his sentence in community corrections.

The defendant's community corrections supervisor filed a violation report on July 23, 2009, alleging that the defendant was in violation of Rules Nos. 2, 4, 9, and 11 of his contract with community corrections. A revocation hearing was held on October 5, 2009.

At the revocation hearing, Darryl McElrath testified on behalf of the state. Mr. McElrath testified on direct examination that he was the defendant's probation officer and that he filed a Community Violation Report on July 23, 2009. Mr. McElrath stated that the defendant had violated Rules Nos. 2, 4, 9, and 11 by his (1) failure to remain at home while under house arrest; (2) failure to make payments to the court; (3) failure to report as directed; and (4) refusal to take a drug test.

The defendant testified that he refused to take the drug test because he had a drug problem. The defendant also testified that he failed to remain at home while under house arrest because he "moved around" staying with "friends and family." The defendant made no attempt to explain why he failed to report to his probation officer as directed.

At the conclusion of the proof being presented and hearing from the parties, the trial court proceeded to revoke the defendant's community corrections sentence and ordered him to serve his sentence in confinement. The defendant filed a timely notice of appeal on October 29, 2009.

## ANALYSIS

In this appeal, defendant argues that the trial court erred by revoking his community corrections sentence and ordering that he serve his sentence in confinement. We consider the defendant's claim based upon well-settled principles with this court.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310, -311; *State v. Schaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). After finding a violation of probation and determining that probation should be revoked, a trial judge may: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-34-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647 -48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Pursuant to Tennessee Code Annotated section 40-36-106(e)(4), upon a finding that a defendant has violated the conditions of his agreement, a trial court retains the authority to revoke a defendant's placement in a community corrections program and to cause execution of the original

2

judgment as it was entered. Revocation proceedings for community corrections are conducted pursuant to Tennessee Code Annotated section 40-36-106(3)(B). Revocation of probation or a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id*. The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach,* 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The trial court must issue a statement setting forth the evidence and factors relied upon in making the determination to revoke probation. The trial court's findings may be written or oral, a statement in some form must be made. *State v. Delp*, 614 S.W.2d 395, 397 (Tenn. Crim. App. 1980).

In the case herein, the trial court stated its reasons for revocation. Specifically, the trial court found that when the defendant failed to report as directed and refused to take the drug test, he violated the terms and conditions of his behavioral contract under the community corrections program.

The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. The trial court herein was presented with more than adequate testimony to support the revocation. Therefore, the trial court did not abuse its discretion in making its decision.

## Conclusion

We conclude that the order of revocation entered by the trial court was proper. Further, we conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. McLIN, JUDGE